UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BENJAMIN L. ANDERSON,                :
                                     :
                Plaintiff,           :         OPINION AND ORDER
                                     :
        v.                           :         05 Civ. 3828 (HB)
                                     :
CANARAIL, INC.                       :
                                     :
                Defendant.           :
---------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

Pro se Plaintiff brings this action in diversity against Defendant for breach of contract, unjust enrichment, and misappropriation of proprietary information. Defendant has moved to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, and insufficiency of process pursuant to Fed. R. Civ. P. 12(b). For the following reasons, Defendant's Motion is DENIED.

## I.  BACKGROUND

The facts alleged in the Complaint, which are assumed to be true for the purposes of this motion, are as follows. Plaintiff Benjamin L. Anderson ("Anderson") is a New York resident and the principal of Anderson Consulting Group LLC ("Anderson Consulting"), which is not a party to this action.[1] Defendant Canarail, Inc. ("Canarail") is a Canadian corporation with its place of business in Montreal, Province of Quebec, Canada. Canarail does not maintain any offices, bank accounts, or real property in New York, nor does it supply goods or services to anyone in this state. Canarail has contacts in New York with Anderson, who was retained by Canarail as a consultant. (Compl. Ex. A.)

On July 15, 2002, the parties entered an agreement whereby Anderson Consulting would provide consulting services in connection with Canarail's advisory services to the

---

[1] The agreement between the parties named both Anderson Consulting and Plaintiff as an individual, but this action is only brought by Plaintiff as an individual.

1

Government of Uganda (the "Agreement"). This endeavor was to support the privatization of Uganda Railways Corporation. (Compl. Ex. A.) Defendant executed the Agreement in Montreal, Canada, and Plaintiff signed the Agreement in New York. (Tadgell Aff. ¶ 8.) According to the Agreement, Defendant agreed to compensate Anderson for his services in U.S. dollars and provide airfare for travel between New York and Uganda. (Compl. Ex. A.) Although the Agreement provides that "it will be governed by Canadian Law," it does not contain a forum selection clause. (Compl. Ex. A.)

On April 14, 2005, Anderson filed the instant action against Canarail alleging breach of contract, unjust enrichment and misappropriation of proprietary information. On April 15, 2005, Anderson delivered the Summons and Complaint to the Clerk of Court for the Southern District of New York. (Dckt. 2.) The Clerk of Court sent a copy of the Summons and Complaint to Canarail at its Montreal offices via international registered mail, return receipt requested, and Defendant received the Summons and Complaint on April 26, 2005. (Tadgell Aff. ¶ 5.)

## II. DISCUSSION

Canarail contends this Court lacks personal and subject matter jurisdiction, and service of process was insufficient. On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), when no discovery and no evidentiary hearing as to jurisdictional matters have been conducted, a plaintiff need only allege facts which constitute a prima facie showing of jurisdiction over the defendant (see Jazini v. Nissan Motor Co., 148 F3d. 181, 184 (2d Cir. 1998)), and the Court must construe the pleadings and affidavits in the light most favorable to the plaintiff (see CutCo Industries, Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986)).

### A. PERSONAL JURISDICTION

New York provides for personal jurisdiction over a corporation if (1) the corporation is "doing business" within New York (N.Y. Civ. Prac. L. & R. ("CPLR") §

301)) or (2) the non- domiciliary corporation's actions fall within the reach of New York's long-arm statute or some other jurisdiction-enlarging statute, and (3) the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the Fifth and Fourteenth Amendments. See 5-5-Star Mgmt. v. Rogers, 940 F. Supp. 512, 516 (E.D.N.Y. 1996).

The New York long-arm statute, N.Y. C.P.L.R. § 302(a)(1), provides for personal jurisdiction in New York if an individual or corporation "transacts business within the state or contracts anywhere to supply goods or services in the state," and the suit arises out of the transaction. An entity is deemed to be "transacting business" in New York when it "purposefully avails [itself] of the privilege of conducting activities within [New York]." CutCo Industries, 806 F.2d at 365. Even a single transaction may, depending on the quality of the contract, be sufficient to invoke personal jurisdiction. PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997). To determine whether a defendant "transacted business" in New York, courts consider:

> (1) whether the defendant has an ongoing contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York entity, the defendant visited New York for meetings devoted to the contractual relationship; (3) what choice of law clause (if any) is in the contract; and (4) whether the contract requires defendant to send notices and payments into New York, or subjects defendant to supervision by the plaintiff corporation in New York.

Agency Rent A Car Sys. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996). No single factor is dispositive, and all are relevant to this analysis. Id.

Under the totality of the circumstances concept applicable here, and taking the allegations as true as I must at this stage, Anderson has demonstrated sufficient connections between Canarail and New York for this Court to exercise jurisdiction over the Defendant in this matter.

The parties contemplated an ongoing contractual relationship where a substantial amount of work was to be completed by Anderson in New York, even though his services would also be performed in Uganda. The Agreement states in pertinent part: "[f]or your

3

work you will be paid in U.S. dollars $650 (six hundred and fifty) per day. In the field, a week is defined as 5 days of work. For work that might be required in the home office, a work-day is defined as 8 hours." (Compl. Ex. A.)

Canarail argues that in New York, under a principal-agent relationship, an agent's actions in the forum state cannot be the basis for jurisdiction over his principal. See Merde v. Mile State Tech. Inc., 269 F. Supp. 2d 246, 254 (S.D.N.Y. 2003); see also Haar v. Armendaris, 31 N.Y.2d 1040, 342 N.Y.S.2d 70 (1973). However, this "merely removes from the jurisdictional calculus the acts of the agent committed on the foreign principal's behalf." Celton Man Trade, Inc. v. Utex S.A., No. 84 Civ. 8179, 1986 WL 6788, at *3 (S.D.N.Y. June 12, 1986). Anderson's jurisdictional claims are not based upon his actions as an agent of Canarail. Rather, they focus on Canarail's actions and contacts with New York. Anderson also claims, and Canarail does not dispute, that Anderson negotiated and executed the contract in New York. (Pl. Memo. ¶ 11.) While not dispositive, this may be considered a factor in the Court's analysis. Stein v. Microelectronic Packaging, Inc., No. 98 Civ. 8952, 1999 WL 540443, at *6 (S.D.N.Y. July 26, 1999). Canarail must have known that Anderson was in New York during the negotiations and execution of the Agreement. As such Canarail should have expected that it could be subject to personal jurisdiction in New York for disputes arising out of this contractual relationship. Moreover, Anderson also alleges that Canarail sent compensation payments in U.S. Dollars to his New York address for his consulting work and travel reimbursements. (Compl. Ex. A.)

Although the Agreement states that Canadian law governs the relationship between the parties, it fails to provide a choice of forum provision. (Compl. Ex. A.) Canarail argues that the choice of law clause should defeat jurisdiction in New York. A choice of law provision, however, does not automatically constitute a voluntary submission to personal jurisdiction in the forum. Cutco Indus., 806 F.2d at 365. Canarail cannot transform the choice of law provision into a choice of forum provision, so at best this factor is neutral in the analysis. See In re Lois/USAS, Inc., 264 BR. 69,

4

101 (Bankr. S.D.N.Y. 2001) ("A choice-of-law clause and a forum selection clause are not the same, and address different needs and concerns.").

In order to satisfy the Due Process Clause of the United States Constitution, the exercise of long-arm jurisdiction by New York must be based on defendants' "minimum contacts" with the state and must comport with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310. 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). These limitations pose no barrier to the assertions of personal jurisdiction in the instant matter. Ordinarily, "if jurisdiction is proper under the CPLR, due process will be satisfied because CPLR § 302 does not reach as far as the constitution permits." Topps Co., Inc. v. Gerrit J. Verburg Co., 961 F. Supp. 88, 90 (S.D.N.Y. 1997). Nonetheless, Canarail's connections with New York must satisfy a "minimum contacts" test and "reasonableness" inquiry. See Bank Brussels Lambert v. Fiddler Gonzalez, 305 F.3d 120, 127 (2d Cir. 2002). "Where the claim arises out of, or relates to the defendant's contacts with the forum, minimum contacts exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-76 (1985)).

In the present case, the Agreement was signed in New York. It called for substantial performance in Anderson's home office in New York. (Pl. Memo. Ex. B.). Canarail purposefully availed itself of the services provided by Anderson through his New York company, and should have anticipated being haled into court in New York. Based on these factors, it appears that Canarail has transacted business in New York such that personal jurisdiction attaches, at least for purposes of this motion to dismiss.

**B.    SUBJECT MATTER JURISDICTION**

Canarail also argues that the amount in controversy requirement has not been met so this Court lacks jurisdiction over the subject matter of this controversy. Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of a State

and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). To prevail on a motion to dismiss for lack of subject matter jurisdiction on these grounds, Canarail must demonstrate "to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." Scherer v. The Equitable Life Assurance Soc'y of the United States, 347 F.3d 394, 397 (2d Cir. 2003). "Even where the allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." Id. Here, the Complaint alleges: (1) Anderson suffered $45,500 in damages; (2) Canarail was unjustly enriched by at least $14,000; and (3) Canarail misappropriated a copyrightable work created by Anderson, damages for which are presently unascertainable. Canarail has failed to demonstrate to a legal certainty that Anderson's damages do not meet the jurisdictional threshold.

Canarail argues that Anderson cannot sustain his claim for copyright infringement because the limitations period of three years has run. While it is true that the statute of limitations on copyright actions is three years, Anderson also claims a constructive trust is necessary. (Compl. ¶ 20.) "The imposition of a constructive trust is viewed as an appropriate remedy when a party has wrongly used confidential information belonging to another." Bausch & Lomb, Inc. v. Alcon Lab., Inc., 64 F. Supp. 2d 233, 254 (W.D.N.Y. 1999). Anderson alleges that in September 2001, Canarail utilized and published his original work. (Compl. ¶ 18.) Under New York law, "the statute of limitations for an action to impose a constructive trust is six years, and begins to run upon the occurrence of the wrongful act giving rise to a duty of restitution." See American Stock Exchange, LLC v. Mopex, Inc., 230 F. Supp. 2d 333, 336-337 (S.D.N.Y. 2002) (citing Green v. Doukas, No. 97 Civ. 8288, 2001 WL 767069, at *7 (S.D.N.Y. June 22, 2001)). Accordingly, the statute of limitations on Anderson's claim for a constructive trust has not expired.

Since Anderson alleges enough to meet the jurisdictional claims, albeit barely, dismissal based on subject matter jurisdiction cannot survive.

## C. SERVICE OF PROCESS

Anderson served a Summons and Complaint upon Canarail in Canada pursuant to Fed. R. Civ. P. 4(h)(2), which allows service upon a foreign corporation in any manner provided for in Fed. R. Civ. P. 4(f), except personal delivery. Fed. R. Civ. P. 4(f)(1) permits service "in a place not within any judicial district of the United States: by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Canarail argues that service by mail in Canada does not comport with Canada's notification requirements under the Hague Convention, and therefore Anderson's service by mail was improper.

In Ackermann v. Levine, the Second Circuit held that service of process by registered mail satisfies the Hague Convention. 788 F.2d 830, 838-39 (2d Cir. 1986). Article 10(a) states: "Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." 20 U.S.T. 361, Art. 10 (Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 19, 1965). The Second Circuit concluded that 'send' in Article 10(a) was intended to mean 'service' and held that service through registered mail was appropriate. Ackermann v. Levine, 788 F.2d at 839. Thus, Anderson's service of process by registered mail upon Canarail in Canada was a proper means of service.

## III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is DENIED.

Dated: New York, NY
October __, 2005

_____
U.S.D.J.